UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 218-4 |
| | ) | |
| GARY GOSS | ) | |
| | ) | |

## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL:**

Reid Zeh, Esq.

**COUNTS/STATUTES CHARGED IN INDICTMENT**

| | |
|---|---|
| Count 1: 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute and to Distribute 5 Grams or More of Methamphetamine |
| Count 2: 21 U.S.C. § 841(a)(1) | Possession of 5 Grams or More of Methamphetamine with Intent to Distribute |
| Count 3: 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm(s) and Ammunition |
| Count 4: 18 U.S.C. § 922(g)(3) | Drug User in Possession of Firearm(s) and Ammunition |
| Count 5: 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm(s) and Ammunition |
| Count 6: 18 U.S.C. § 922(g)(3) | Drug User in Possession of Firearm(s) and Ammunition |
| Count 7: 18 U.S.C. § 924(c) | Possession of Firearm(s) in Furtherance of a Drug Trafficking Crime |

## COUNTS/STATUTES PLEADING TO:

Count 1: 21 U.S.C. 846        Lesser Included Offense:  Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Methamphetamine

Count 3:  18 U.S.C. § 922(g)(1)     Felon in Possession of Firearm(s)

## PENALTY:

Count 1:       (LESSER INCLUDED) Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Methamphetamine, 21 U.S.C. § 846:

        -not more than 20 years of incarceration;
        -not more than a $1,000,000 fine;
        -not less than 3 years of supervised release, up to life;
        -$100 special assessment

Count 3:       Felon in Possession of Firearm(s), 18 U.S.C. § 922(g)(1)

        -not more than 10 years of incarceration;
        -not more than a $250,000 fine;
        -not more than 3 years of supervised release;
        -$100 special assessment

        -However, if defendant is deemed an Armed Career Criminal under 18 U.S.C. § 924(e), then defendant is subject to enhanced penalty outlined in the penalty certification and the plea agreement.

## ELEMENTS

**Count One**: Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Methamphetamine, 21 U.S.C. § 846:

1)    Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a quantity of methamphetamine;

2)    the defendant knew the unlawful purpose of the plan and willfully joined in it; and

3)   the object of the unlawful plan was to possess with intent to distribute and to distribute a quantity of methamphetamine.

**Count Three:**  Felon in Possession of Firearm(s):

1)   The defendant knowingly possessed a firearm in or affecting interstate commerce; and

2)   Before possessing the firearm, the defendant had been convicted of a felony- a crime punishable by imprisonment for more than one year.

## SUMMARY OF MATERIAL PROVISIONS OF PLEA:

- The defendant agrees to plead guilty to the lesser- included offense in Count One of the Indictment (Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Methamphetamine), and Count Three of the Indictment, charging Felon in Possession of Firearm(s).

- The government will dismiss the defendant from the remaining counts at sentencing.

- The defendant agrees to the forfeiture as outlined in the indictment.

- The government will not object to a full reduction for acceptance of responsibility if recommended by the United States Probation Office.

- If the defendant cooperates and earns a 5K1.1 or Rule 35 reduction, the United States Attorney's Office may file a motion for a sentencing reduction, as outlined in the plea agreement.

- The defendant agrees to acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement.

- The defendant waives all rights to request information about the investigation and prosecution of his case under the Freedom of Information Act and the Privacy Act.

- The defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If he fails to plead guilty, or later withdraws his guilty plea, all statements made by him in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

- The defendant agrees to waive his right to appeal his sentence, with the limited exceptions outlined in the plea agreement.

- The defendant waives his right to collaterally attack his conviction and sentence, with one limited exception, as outlined in the plea agreement.

- The defendant agrees to pay on the date of sentencing any assessments imposed by the Court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 218-4 |
| | ) | |
| GARY A. GOSS, JR. | ) | |

## PLEA AGREEMENT

Defendant Gary A. Goss, Jr., represented by his counsel Reid Zeh, Esq. and the United States of America, represented by Assistant United States Attorney E. Greg Gilluly, Jr. have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.   Guilty Plea

Defendant agrees to enter a plea of guilty to a lesser-included count contained within Count One of the Indictment, *Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Methamphetamine*, in violation of Title 21, United States Code, Section 846. Defendant also agrees to plead guilty to Count Three of the Indictment, *Felon in Possession of Firearms*, in violation of Title 18, United States Code, Section 922(g)(1). The government agrees to dismiss the remaining count(s) at sentencing.

2.   Elements and Factual Basis

The elements necessary to prove the lesser-included offense charged in Count One, *Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Methamphetamine* are:

    (1)    Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a quantity of methamphetamine;

    (2)    the defendant, knew the unlawful purpose of the plan and willfully joined in it; and

    (3)    the object of the unlawful plan was to possess with intent to distribute and to distribute a quantity of methamphetamine.

The elements necessary to prove Count Three, *Felon in Possession of a Firearm(s)*, are:

    (1)    The defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and

    (2)    before possessing the firearm, the defendant had been convicted of a felony- a crime punishable by imprisonment for more than one year.

Defendant agrees that he is, in fact, guilty of these offenses. He agrees to the accuracy of the following facts, which satisfy the required elements:

Beginning at a time unknown to the Grand Jury, but at least from about January 2017, and continuing until on or about June 5, 2017, in Glynn and Brantley Counties within the Southern District of Georgia, and elsewhere, the defendant, GARY A. GOSS, JR. and others, did knowingly and intentionally, combine, conspire, confederate and agree with others to possess with the intent to distribute and to distribute a quantity of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846.

On June 4, 2017, in Brantley County, within the Southern District of Georgia, the defendant GARY A. GOSS, JR., a felon, did knowingly possess firearms that were manufactured outside the state of Georgia; thereby affecting interstate commerce. He possessed a Hi-Point .380 semi-automatic pistol, a DPMS AR-15, .223 caliber rifle,

a Taurus 9mm semi-automatic pistol, and ammunition, in violation of Title 18,

United States Code, Section 922(g)(1).  Additionally, in Glynn County, as a felon, he

possessed a Sig Sauer .40 caliber pistol, a CBC .22 caliber rifle, and ammunition,

3.    Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible

sentences:

Count One, Lesser Included:  *Conspiracy to Possess with Intent to Distribute*

*and to Distribute a Quantity of Methamphetamine*:

    -Not more than 20 years of incarceration;
    -Not less than 3 years of supervised release, up to life;
    -A fine up to $1,000,000; and
    -A $100 mandatory special assessment.


Count Three:  *Felon in Possession of Firearm(s)*:

    -Not more than 10 years of incarceration;
    -Not more than 3 years of supervised release;
    -A fine up to $250,000; and
    -A $100 mandatory special assessment.

However, if the defendant has three or more prior serious drug trafficking

felonies and/or violent felonies, as defined by Title 18, United States Code, Section

924(e), then:

    -Not less than 15 years of incarceration, up to life;
    -Not more than a $250,000 fine;
    -Not more than 3 years of supervised release; and
    -$100 mandatory special assessment.

3

4.    <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else.  The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.    <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.   The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence.   The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    <u>Agreements Regarding Sentencing Guidelines</u>

a.    <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.  It is understand however, that information

4

received via U.S.S.G. § 1B1.8 will not be used against the defendant, so long as the defendant is truthful and does not commit any conduct that is inconsistent with acceptance of responsibility.

        b.     <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7.    <u>Cooperation</u>

        a.     <u>Complete and Truthful Cooperation</u>

The defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of others in state and federal court. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his

5

cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

      b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

      The government, in its sole discretion, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8.    <u>Forfeiture</u>

      a.    In accordance with the forfeiture language in the indictment, Defendant agrees to forfeit his interest in the property seized in this case, including the Hi-Point .380 pistol, serial number P8121958, DPMS AR-15, .223 caliber rifle, serial number FFH148600, Taurus 9mm caliber pistol, serial number TJR85971, Sig Sauer .40 caliber pistol, serial number 24B259840, CBC .22 caliber rifle, serial number, EMK3974165, Remington .22 caliber rifle, serial number A2696439, ammunition, and other property seized in this case (the "subject property").

      b.    Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case.  Defendant further agrees to waive the

6

requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

      c.      Defendant waives and abandons his interest in any other property that may have been seized in connection with this case.  Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case.  Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

9.     <u>Financial Obligations and Agreements</u>

      a.      <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $200, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

      b.      <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office.  Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports

7

with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    c.    <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    d.    <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations [*or forfeiture*] created by this Agreement or that may be imposed upon her by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

    e.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

    f.    <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant

8

understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

10.    <u>Waivers</u>

      a.    <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground.  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

      b.    <u>Waiver of Collateral Attack</u>

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.  The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

      c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the

9

authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.    <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and

diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13.    Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.    In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14.    Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

*Signatures on following page*

11

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____                    _____
Date                                       Brian T. Rafferty
                                           Chief, Criminal Division

4. 28-18                                    _____
_____                    E. Greg Gilluly, Jr.
Date                                       Assistant United States Attorney

5/1/18

*Signatures on following page*

12

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

4/2-/18
Date

_____
GARY GOSS
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

4/2/18
Date

_____
Reid Zeh, Esq.
Defendant's Attorney

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 218-4 |
| | ) | |
| GARY GOSS | ) | |

## ORDER

The aforesaid plea agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This  1st  day of  May  2018.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA